IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APEX LAB SOLUTIONS, LLC, | Case No. _____ |
| Plaintiffs, | |
| | Removed from: |
| v. | COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA CIVIL DIVISION DOCKET NO.  CV-2018-007070 |
| CHEMISYS LABORATORIES, LLC, | |
| Defendant. | **NOTICE OF REMOVAL OF CHEMISYS LABORATORIES, LLC** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA:

Defendant Chemisys Laboratories, LLC ("Chemisys") hereby removes an action

captioned <u>Apex Lab Solutions, LLC v. Chemisys Laboratories, LLC</u>, Docket No. CV-2018-

007070, filed in the Civil Division of the Court of Common Pleas of Delaware County,

Pennsylvania, and all claims and causes of action therein to the United States District Court for

the Eastern District of Pennsylvania.[1]

In support thereof, the undersigned states:

1.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332

on the basis of diversity jurisdiction, and this action may therefore be removed under 28 U.S.C.

§§ 1441 and 1446.

---

[1] Chemisys specially appears only for the purpose of removal, subject to and without waiving any defenses or rights available to it.

2.     This Court is part of the "district and division" embracing the place where this action was filed, Delaware County, Pennsylvania. See 28 U.S.C. §§ 110, 1446(a).

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

3.     On September 4, 2018, Plaintiff filed a Complaint in this action in the Court of Common Pleas of Delaware County, Pennsylvania.  The case, captioned <u>Apex Lab Solutions, LLC v. Chemisys Laboratories, LLC</u>, was assigned Docket No. CV-2018-007070.

4.     On September 10, 2018, Chemisys's agent was served with the Complaint. Attached hereto as Exhibit A is a copy of all process, pleadings, and orders served on Chemisys in this action. See 28 U.S.C. § 1446(a).  No other process, pleadings, or orders were served on, or received by, Chemisys.

5.     Plaintiff alleges that it is a Pennsylvania limited liability company with its place of business at 3044 Foulk Road, Garnet Valley, Pennsylvania.  Complaint ¶ 1.  On information and belief, the sole member of Plaintiff is Bo Wang, who is a citizen of the Commonwealth of Pennsylvania.  Chemisys has made a good faith effort to determine the identities of Plaintiff's members and the citizenship of Mr. Wang.  Declaration of Charles P. Montgomery, ¶¶ 1-8.

6.     Chemisys is a is a New Jersey limited liability company with its place of business located at 17-01 Pollitt Drive, Fair Lawn, New Jersey.  Complaint ¶ 2. Chemisys's only members are Ahmed Kamel, Adil Palwala, and Faruk Khwaja.  Mr. Kamel is a citizen of the State of New Jersey, and Messrs. Palwala and Khwaja are citizens of the State of New York. Declaration of Ahmed Kamel ¶¶ 1 – 5.

7.     Chemisys's time to respond to the Complaint has not expired, and Chemisys has not served or filed a response.

8.     No motions or other proceedings are pending in this action in the Court of Common Pleas of Delaware County, Pennsylvania.

9.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days after receipt of the Complaint.

### REMOVAL IS PROPER UNDER 28 U.S.C. § 1332
### (DIVERSITY JURISDICTION)

10.     This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 on the basis of diversity jurisdiction.  28 U.S.C. § 1332 provides that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States."

11.     Plaintiff's Complaint raises a claim for breach of contract and seeks damages in the amount of $295,102.00.  Complaint ¶¶ 3-9.  This sum exceeds the $75,000 amount-in-controversy requirement.

12.     The citizenship of a limited liability company is determined by the citizenship of its members.  Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). On information and belief, Plaintiff's sole member, Bo Wang, is a citizen of the Commonwealth of Pennsylvania.  Therefore, Plaintiff's citizenship for diversity jurisdiction purposes is Pennsylvania.  Declaration of Charles P. Montgomery, ¶¶ 1-8.

13.     Chemisys's three members are citizens of the States of New Jersey and New York.  Therefore, Chemisys's citizenship for diversity jurisdiction purposes is New Jersey and New York.

14.     Accordingly, there is complete diversity among the parties pursuant to 28. U.S.C. § 1332(a).

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

15.     Attached hereto as Exhibit B is a copy of the Notice of Removal to All Adverse Parties, which will be served promptly on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

16.     Attached hereto as Exhibit C is a copy of the Notice of Filing of Notice of Removal, which will be filed promptly with the Court of Common Pleas of Delaware County, Pennsylvania, pursuant to 28 U.S.C. § 1446(d).

17.     Chemisys is the only defendant who has been joined and served in this action.  As such, all defendants that have been joined and served consent to the removal of this action to this Court.

18.     Chemisys signs this Notice of Removal under Rule 11 of the Federal Rules of Civil Procedure. See 28 U.S.C. § 1446(a).

19.     Chemisys reserves the right to submit additional evidence and argument as needed to supplement this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

## CONCLUSION

20.     This Court has original jurisdiction over this action and this action is removable under 28 U.S.C. §§ 1441 and 1446.

**BASED ON THE FOREGOING**, Chemisys Laboratories, LLC. hereby removes this action, now pending in the Court of Common Pleas of Delaware County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Dated: Sept 28, 2018          By: _____
                                   Edward F. Borden, Jr.
                                   Charles P. Montgomery

                                   **Earp Cohn P.C.**
                                   123 S Broad Street
                                   Suite 1030
                                   Philadelphia, PA 19109
                                   (215) 963-9520
                                   (856) 385-7060 Direct Fax
                                   Counsel for Defendant Chemisys Laboratories, LLC

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, the undersigned attorney for defendant Chemisys Laboratories, LLC. certifies that, to the best of his knowledge, the matter in controversy is not the subject of another action pending in another court or of any pending arbitration or pending administrative proceeding.

Dated: Sept 28 2018          By: _____
                                  Edward F. Borden, Jr.
                                  Charles P. Montgomery

                                  **Earp Cohn P.C.**
                                  123 S Broad Street
                                  Suite 1030
                                  Philadelphia, PA 19109
                                  (215) 963-9520
                                  (856) 385-7060 Direct Fax
                                  Counsel for Defendant Chemisys Laboratories, LLC

# EXHIBIT A

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ Delaware _____ **County**

| *For Prothonotary Use Only:* | |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S
E
C
T
I
O
N

A**

**Commencement of Action:**
☒ Complaint          ☐ Writ of Summons          ☐ Petition
☐ Transfer from Another Jurisdiction          ☐ Declaration of Taking

Lead Plaintiff's Name:
Apex Lab Solutions, LLC

Lead Defendant's Name:
Chemisys Laboratories,LLC trading as Chemisyx Laborat

Are money damages requested? ☒ Yes     ☐ No     | Dollar Amount Requested:    ☐ within arbitration limits
(check one)                                        ☒ outside arbitration limits

Is this a *Class Action Suit*? ☐Yes ☒ No          Is this an *MDJ Appeal*? ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: David M. Macfarlan, Esq.
          ☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**S
E
C
T
I
O
N

B**

**Nature of the Case:**  Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.**  If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability *(does not include mass tort)*
☐ Slander/Libel/ Defamation
☐ Other:
_____

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other:
_____

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional:
_____

**CONTRACT** *(do not include Judgments)*
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other
_____
_____
☐ Employment Dispute: Discrimination
☐ Employment Dispute: Other
_____
☒ Other:
Breach of contract
_____

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other:
_____
_____

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other
_____
_____
☐ Zoning Board
☐ Other:
_____
_____

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☐ Other:
_____
_____

*Updated 1/1/2011*

FILED
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

DAVID M. MACFARLAN, ESQUIRE
ATTORNEY I.D. NO. 23431
1255 EASTON ROAD
WARRINGTON, PENNSYLVANIA 18976-1822
(215) 343-3700                        ATTORNEY FOR PLAINTIFF

---

### IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
### CIVIL DIVISION

| | | |
|---|---|---|
| Apex Lab Solutions, LLC | : | |
| 3044 Foulk Road, Garnet Valley | : | |
| Pennsylvania 19060 | : | |
| | : | |
| vs. | : | |
| | : | No.   2018- |
| Chemisys Laboratories, LLC, | : | |
| trading as Chemisys Laboratories | : | Form of Action |
| 17-01 Pollitt Drive | : | |
| Fair Lawn, New Jersey 07410 | : | |

## NOTICE

You have been sued in court.  If you wish to defend the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyers Referral Service
Front and Lemon Streets
Media, Pa. 19063
(610) 566-6625


David M. Macfarlan, Esq.
Attorney for Plaintiff

Attorney #23431
David M Macfarlan, Esq.
1255 Easton Road
Warrington, PA 18976
(215) 343-3700

DAVID M. MACFARLAN, ESQUIRE
ATTORNEY I.D. NO. 23431
1255 EASTON ROAD
WARRINGTON, PENNSYLVANIA 18976-1822
(215) 343-3700                          ATTORNEY FOR PLAINTIFF

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL DIVISION

Apex Lab Solutions, LLC          :
3044 Foulk Road, Garnet Valley:
Pennsylvania 19060               :
                                 :
        vs.                      :
                                 :   **No.** 2018-
Chemisys Laboratories, LLC,      :
trading as Chemisys Labatories:      CIVIL ACTION
17-01 Pollitt Drive              :
Fair Lawn, New Jersey 07410      :

**COMPLAINT**

1.   The Plaintiff, Apex Lab Solutions, LLC, is a
Pennsylvania Limited Liability Company with a registered office
located at 3044 Foulk Road, Garnet Valley, Pennsylvania 19060.

2.   Defendant, Chemisys Laboratories, LLC, trading as
Chemisys Laboratories, is a New Jersey Corporation with a
registered office located at 17-01 Pollitt Drive, Fair Lawn, New
Jersey 07410.

3.   On or about August 19, 2017, the parties entered into a
Urine Toxicology Testing and Consulting Management Services
Agreement pursuant to which the Plaintiff provided reagents
(materials) and technical solutions for clinical laboratories
with expertise in urine toxicology tests using latest measurement
technologies.  A copy of the Agreement between the parties is
attached hereto as Exhibit "A",

4.     The Agreement between the parties was entered into in Garnet Valley, Pennsylvania, and the Plaintiff provided reagents (materials) and technical solutions for the Defendant, and provided technological solutions at its facilities located at Garnet Valley, Delaware County, Pennsylvania.

5.     The Plaintiff provided services pursuant to the Agreement between the parties in accordance with its terms.

6.     The Defendant paid to the Plaintiff $25,571. on March 15, 2018 for tests performed in February 2018, $10,000. on April 16, 2018 for tests performed in March, 2018 which had been billed at $34,886., $24,886 for tests performed in March on April 24, 2018 (payment in full for March, 2018, and $10,000. on May 16, 2018 for tests performed in April 2018 (billed at $37,206). Plaintiff performed testing through May 16, 2018, when Defendant wrongfully blocked Plaintiff from access to the Defendant's laboratory.  Defendants owe to Plaintiff $25,896. for said work. Total due for tests completed and not paid for is $53,102.

7.     Thereafter, the Defendant wrongfully terminated the Agreement between the parties, without cause, rendering the Defendant liable to the Plaintiff for the payment of monthly minimum service charges in the sum of five thousand five hundred dollars ($5,500.00) per month for forty-four months (totaling $242,000.)

8.     The Contract between the parties provided in Paragraph 8(d): "If the Contract is to be terminated early by Client, thirty days' notice must be given, and Client is still required to pay monthly minimum service charge until the end of the term."

9.    Therefore, the Defendant owes to the Plaintiff the sum of two hundred ninety-five thousand one hundred two dollars ($295,102.00) plus interest from June 19, 2018, plus costs of suit.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant the sum of two hundred ninety five thousand one hundred two dollars ($295,102.00) plus interest from June 16, 2018, plus cost of suit.

Respectfully submitted,

David M. Macfarlan, Esq.

## VERIFICATION

I, Bo Wang, as authorized agent, hereby verify that the facts contained in the foregoing pleading are true and correct. I understand that false statements contained herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsifications to authorities.

_____          9/4/2018
        Bo Wang

To the within named Defendant - Plaintiff
You are hereby notified.
  (a)    to plead to the within matter within 20 days from
         service hereof.
  (b) ✓  that the within matter is a true and correct copy of
         the original on file
  (c) ✓  that a jury trial by twelve members is demanded
  (d) ✓  that judgment may be entered against you if you do
         not plead within 20 days.

_____
DAVID M. MACFARLAN, ESQUIRE

## CERTIFICATION OF COMPLIANCE FOR PUCLIC ACCESS POLICY

I Certify that this filing complies with the provisions of the *Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing of confidential information and documents differently than non-confidential information and documents.

_____
David M. Macfarlan, Esq.

Exhibit A

### URINE TOXICOLOGY TESTING AND CONSULTING MANAGED SERVICES AGREEMENT

This Drug Urine Toxicology Testing and Consulting Services Agreement is made as of the 19th day of 2017/08 between Apex Lab Solutions, LLC., a Pennsylvania Corporation, with offices at 3044 Foulk Rd, Garnet Valley, PA 19060, and ChemiSys Laboratories (Client), a New Jersey Corporation at 17-01 Pollitt Dr., Fair Lawn, NJ 07410

**BACKGROUND:**

Apex Lab Solutions, LLC is in the business of providing equipment and technical solutions for clinical labs, with expertise in urine toxicology tests using latest measurement technologies. ChemiSys Laboratories is a clinical lab in the business of providing diagnostic testing services. ChemiSys Laboratories recognizes its need to develop comprehensive toxicology confirmation tests through LDT using Liquid Chromatography Mass Spectrometry (LCMS) technology. Apex Lab Solutions will set up LCMS test, and provide ongoing production operation along with all necessary reagents and consumables through this managed service agreement. All services provided by Apex Lab Solutions shall be supervised by ChemiSys Laboratories' lab director and in compliance with clinical labs' rules and regulations.

**1. TERM**

(a)     This Agreement shall commence on 8/19/2017, and shall have an initial term of forty-eight (48) months from the time Client's LCMS urine toxicology confirmation test goes live, when first patient is processed.

(b)     At the end of this term, Client may elect to renew for a successive 12-month term at a new price schedule agreed by both parties.

**2. SERVICES**

(a)     Apex Lab Solutions LLC. will provide Client the services described on Appendix A and such other services as the parties may agree upon in writing from time to time.

(b)     Apex Lab Solutions LLC. will be the exclusive provider of the services and supplies during the term of this Agreement.

**3. EQUIPMENT, MAINTENANCE AND SUPPLIES**

(a)     Client shall provide testing equipment, including but not limited to tandem Liquid Chromatography Mass Spectrometer (LC/MS/MS) and centrifuge, and their maintenance can calibrations for urine toxicology tests.

(b)     Unless the parties agree otherwise in writing, Apex Lab Solutions LLC. shall be responsible for all supplies and consumables of the test equipment.

**4. PERSONNEL**

(a) Apex Lab Solutions LLC. will staff the Client's facility with technical consultant(s) and/or qualified high complexity laboratory testing personnel for test development, training, and test production on as needed basis, at Apex's sole discretion, in order to provide the services described on Appendix A. Apex Lab Solutions LLC.'s personnel will be entitled to observe Client's holidays.

(b) Apex Lab Solutions LLC. will be solely responsible for the actions and supervision of its personnel.

(c) Apex Lab Solutions LLC. will be responsible for the payment of all compensation, benefits and employer taxes relating to its workers and subcontractors (including workers' compensation and disability, if any).

(d) Apex Lab Solutions LLC. shall have the right to remove, reassign or take any other employment related action in regard to any of its workers and/or subcontractors.

Initials   AFK        BW

### 5. COMPENSATION

(a)     Client will pay to Apex Lab Solutions LLC. the Managed Services Agreement fees set forth on Appendix B for Apex Lab Solutions LLC.'s services. If Client requires any services not contemplated on Appendix B, Client and Apex Lab Solutions LLC. will negotiate the prices for such services in good faith.

(b)     The fees and other charges provided for in this Agreement are inclusive of any applicable property, sales, use or similar taxes.

### 6. MODIFICATIONS OF SERVICES AND PRICING

In order to ensure that Apex Lab Solutions LLC.'s level of service keeps pace with Client's needs, Apex Lab Solutions LLC. and Client may agree from time to time to modify the services, equipment, maintenance, personnel, and prices described in this Agreement. Apex Lab Solutions LLC. and Client shall negotiate any such modifications and any corresponding adjustments in prices in good faith and such modifications shall be agreed to in writing.

### 7. PAYMENTS AND INVOICING

(a)  Client shall provide access to its statistical test records or supply a list of all tests performed with LCMS confirmation technology and within 5 days from the conclusion of each month. Client will be invoiced monthly for all monthly Managed Services Agreement fees and Apex Lab Solutions LLC. will invoice Client for all services within 10 days from the receipt of test reports summary.

(b)  Payment terms for all invoices are net 15 days from the date of invoice to avoid late charges.

(c)  Client will pay interest at the rate of one and a half (1.5) percent per month or the legally permissible rate, if lower, on all unpaid, overdue invoices.

(d)  If an invoice for services or other charges under this Agreement remains unpaid following 30 days from the payment due date under 7(b) above, upon 5 working days prior written notice to Client, Apex may suspend performance of its obligations under this Agreement until such past due amount is paid, without liability to Client.

### 8. TERMINATION

(a)  Upon the termination of this Agreement for any reason (including the termination of this Agreement for cause):

  (i)Client shall permit Apex Lab Solutions LLC. to remove all of Apex Lab Solutions LLC.'s property within a reasonable period of time following the termination.

  (ii)Client shall pay to Apex Lab Solutions LLC. within ten (10) days of the termination date all charges arising, including the monthly management fee.

(b)  Upon the termination of this Agreement for any reason other than Client's termination for cause (as described in Section 8(c)), Client shall (i) satisfy its obligations under Section 8(a); and (ii) provide Apex Lab Solutions LLC. with 60 days' prior written notice and shall be responsible for the monthly service fee and any other charges accruing through the termination date of this Agreement.

(c)  If Apex Lab Solutions LLC. does not perform in any material respect the services required under this Agreement, Client shall inform Apex Lab Solutions LLC. in writing, specifying the manner in which Client believes Apex Lab Solutions LLC.'s services to be deficient. Apex Lab Solutions LLC. shall have a period of thirty (30) days from the receipt of such notice to correct such deficiencies in performance. Apex Lab Solutions shall have the option to send sample to a CLIA certified reference lab for sample testing while correcting deficiencies. Apex Lab Solutions LLC may charge the same service fee but share be responsible for all testing fees for such send out services. If Apex Lab Solutions LLC. does not correct the deficiency within such period, Client shall, as its sole remedy for Apex Lab Solutions LLC.'s nonperformance, have the option of terminating this Agreement for cause. In connection with any termination by Client under this

Initials _____        _____

Section Client shall be responsible for the charges described in Section 8(a) and shall not be responsible for the charges described in Section 8(b)(ii).

(d) If the contract is to be terminated early by Client, 30 days' notice must be given, and Client is still required to pay monthly minimum service charge till the end of the term.

(e) Early Termination Option (ETO): An early termination option is available upon request at the cost $60,000 early termination fee.

(f) Apex Lab Solutions LLC. shall have the right to terminate the Agreement immediately at any time if Client files a petition in bankruptcy, or is adjudicated a bankrupt, or if a petition in bankruptcy is filed against Client and not discharged within thirty (30) days, or if Client becomes insolvent or makes an assignment for the benefit of its creditors or an arrangement pursuant to any bankruptcy law, or if a receiver is appointed for it or its business. Any such termination shall be treated as if Client has terminated this Agreement under Section 8(b).

(g) Apex Lab Solutions LLC shall have the right to terminate the Agreement after 18 months from the test go-live date, if monthly test volume is less than 300 confirmation tests. Client shall pay Apex Lab Solutions $40,000 termination fee for this Apex initiated termination.

## 9.   EMPLOYEE RECRUITING

During the term of this Agreement and for a period of six (6) months after termination for any reason, each party agrees that it shall not directly or indirectly, in any way, solicit, offer employment to or hire any person who is employed by the other party.

## 10.   SPACE, UTILITIES, OFFICE SUPPLIES

(a) Client will provide Apex Lab Solutions LLC. adequate space and facilities for the on-site services that Apex Lab Solutions LLC. provides to Client under this Agreement, including but not limited to any electrical work, Nitrogen gas, ventilation, and waste removal required for installation or operation of the equipment.

(b) Client will provide Apex Lab Solutions LLC. and its agents and service providers the necessary access to Client's premises so as to allow Apex Lab Solutions LLC. to perform its obligations under this Agreement.

(c) Client may request Apex Lab Solutions LLC. to relocate the location or locations from which Apex Lab Solutions LLC. performs the services or the location of Apex Lab Solutions LLC.'s equipment. If Client requests Apex Lab Solutions LLC. to move such service locations or Apex Lab Solutions LLC.'s equipment, Client will cover all costs incurred by Apex Lab Solutions LLC. in connection with such relocations.

## 11.   CONFIDENTIALITY

(a) Apex Lab Solutions LLC. recognizes that it must conduct its activities in a manner designed to protect any information concerning Client, its affiliates, or clients (such information hereinafter referred to collectively as "Client Information") from improper use or disclosure. Apex Lab Solutions LLC. agrees to treat Client Information on a confidential basis. Apex Lab Solutions LLC. further agrees that it will not disclose any Client Information without Client's prior written consent to any person, firm or corporation except (i) to authorized representatives of the Client or (ii) to employees of Apex Lab Solutions LLC. who have a need to access such Client Information to perform the services contemplated hereunder. Apex Lab Solutions LLC. agrees upon request to have its employees execute written undertakings to comply with the confidentiality requirements set forth under this paragraph.

(b) Client recognizes that the terms of this Agreement, the processes used by Apex Lab Solutions LLC. and the pricing information of Apex Lab Solutions LLC. is confidential and that it must conduct its activities in a manner designed to protect any such information concerning Apex Lab Solutions LLC. (such information hereinafter referred to collectively as "Apex Lab Solutions LLC. Information") from improper use or disclosure. 10(b), Client agrees to treat Apex Lab Solutions LLC. Information on a confidential basis. Client

Initials ___AFL___   ___BW___

further agrees that it will not disclose any Apex Lab Solutions LLC. Information without Apex Lab Solutions LLC.'s prior written consent to any person, firm or corporation except (i) to authorized representatives of Apex Lab Solutions LLC. or (ii) to employees of Client who have a need to access such Apex Lab Solutions LLC. Information to perform the services contemplated hereunder.

## 12. INSURANCE
Apex Lab Solutions LLC. And Client shall at all times during the term of this Agreement maintain, at its own cost, customary levels insurances for each's own business operations.

## 13. INDEMNIFICATION
(a)    Each party agrees to hold harmless, defend and indemnify the other party from and against any liability, loss, demand, claim or cause of action for personal injury or property damage due to or arising out of the acts of that party, its agents and employees. However, each party shall have no obligation to hold harmless, defend or indemnify the other from or for liability arising from the other party's own intentional or negligent acts.

## 14. NOTICES
All statements, notices and other communications to be given hereunder shall be in writing and unless otherwise provided, shall be deemed to have been duly given when delivered in person or when deposited in the U. S. mail, postage prepaid, properly addressed, registered or certified mail, return receipt requested, to the address as set forth below, or such other address or addresses as may be designated in writing by notice to the other party pursuant to this paragraph.

If to Apex Lab Solutions LLC.:
Apex Lab Solutions, LLC.
Attention: Bo Wang
3044 Foulk Rd
Garnet Valley, PA 19060
215-880-5036 (Phone)
bow@apexlabsolutions.com (Email)

If to ChemiSys Laboratories:

Attention: Ahmed Kamel
17-01 Pollitt Dr
Fair Lawn , NJ 07410

ahmedfkamel @ hotmail . com

## 15. FORCE MAJEURE
Neither party shall be deemed in default of this Agreement to the extent that performance of its obligations or attempts to cure any breach are delayed or prevented by reason of any act of God, fire, natural disaster, accident, act of government, labor strike, or an act that is beyond the reasonable control of either party, provided that such party gives the other party written notice thereof promptly and, in any event, within fifteen (15) days of discovery and uses its best efforts to continue to so perform or cure. In the event of such a force majeure, the time for performance or cure shall be extended for a period equal to the duration of the force majeure.

## 16. RIGHT OF OFFSET
Neither party shall have a right of offset or right to take a credit with respect to any payments due to the other party under this Agreement or otherwise.

## 17. ASSIGNMENT
Neither party may assign or delegate its obligations under this Agreement, either in whole or in part, by operation of law nor otherwise, without the prior written consent of the other, which shall not be unreasonably withheld or delayed. Any attempted assignment in violation of the provisions of this provision

Initials _AFK_       _BW_

will be void. Notwithstanding the foregoing, a sale or merger of Apex Lab Solutions LLC. or substantially all of its assets shall not be deemed to be an assignment.

## 18. MISCELLANEOUS

**(a)** This Agreement supersedes all prior agreements, understandings and discussions between the parties. This Agreement constitutes the entire agreement of the parties with respect to the subject matter contained herein and cannot be changed or terminated orally. No modifications of this Agreement shall be binding unless signed by both parties.

**(b)** If any provision of this Agreement is held to be invalid or unenforceable, such invalidity or unenforceability shall not invalidate this Agreement as a whole, but this Agreement shall be construed as though it did not contain the particular provision or provisions held to be invalid or unenforceable.

**(c)** No waiver shall be deemed to be made by any party of any of its rights hereunder unless the same shall be in writing signed by the waiving party, and any waiver shall be a waiver only with respect to the specific instance involved and shall in no way impair the rights or the obligations of any party in any other respect at any other time.

**(d)** In the event Client breaches this Agreement requiring Apex Lab Solutions LLC. to initiate legal proceedings to enforce Apex Lab Solutions LLC.'s rights under the Agreement, Client agrees to pay Apex Lab Solutions LLC.'s legal fees, expenses and costs in enforcing Apex Lab Solutions LLC.'s rights under the Agreement.

**(e)** This Agreement is intended for the benefit of the parties hereto only. This Agreement shall not create any rights for third-party beneficiaries.

**(f)** This Agreement shall be governed and construed in accordance with the laws of the State of Pennsylvania.

SIGNATURES:

By: _____
Apex Lab Solutions, LLC
Name: Bo Wang
Title: Managing Director
Date: 8/19/2017

By: _____
Name: Ahmed Kamel
Title: President
Date: 8/19/2017

IN WITNESS WHEREOF, the parties hereto have executed this Service Level Agreement as of the date first above written.

Initials _____AK_____        _____BW_____

APPENDIX A

MANAGED SERVICE and Client Responsibilities

**Contractor scope of work on as needed basis at Contractor's discretions:**

1. Setup and validate urine toxicology LC/MS/MS confirmation methods for the testing of following compounds on Client's test equipment:

   Opiates Panel: Codeine, Morphine, Hydrocodone, Hydromorphone,
   Opioids Panel: Oxycodone, Oxymorphone, Bufrenorphine, Naloxone, Fentanyl, Meperidine, Methadone, Tapentadol, Tramadol,
   Amphetamines Panel: Methamphetamine, Amphetamine, Methylphenidate, Ritalinic Acid;
   Benzodiazepines Panel: Alprazolam, Clonazapam, Diazepam, Temazepam, Oxazepam, Flurazepam, Lorazepam, Midazolam
   Ilicits Panel: Cocaine, Heroin, MDMA/MDA/MDEA, PCP
   Antidepressants Panel: Amitriptyline, Nortriptyline, Doxepin, Imipramine
   Antiepileptics Panel: Gabapentin, Pregabalin
   Barbiturates Panel: Amobarbital/ Pentobarbital, Butalbital, Phenobarbital, Secobarbital
   Other: Carisoprodol, Meprobamate, Ketamine, Zolpidem
   Apex Lab Solutions LLC shall develop a new method to cover alcohol confirmation tests once test volume reaches 200 samples per month

2. Ongoing operation of urine drug confirmation test:
   a. Development and implementation of the Standard Operating Procedural Manual (SOPM);
   b. Personnel training documentation, competency evaluation,
   c. Proficiency testing;
   d. Instrument daily, monthly function check, column procedure, column log, reagent logs;
   e. Supply test reagents, calibrators, and quality controls;
   f. Sample processing, data entry, and results validation/release;

3. Training:
   Training of Client's 1 qualified operator for all aspects of test operation and quality assurance for him/her to:

   a) Assist daily operation on as needed basis;
   b) Be certified and able to independently run the test after the term of the contract;

**Client responsibilities:**

1. Test and sample processing equipment
2. Sample accessioning
3. LIS and connection to LCMS instrument;
4. Instrument service and maintenance;
5. Facility, utility, insurance;
6. From the time toxicology test goes live, for each confirmation sample: $55 per sample billed monthly (monthly minimum 100 samples), $29 per sample after 300 samples;
7. Contract length 48 months (4 years from the date test goes live).

Initials ___AFK___    ___BW___

APPENDIX B
Fee Schedule

Payments will be made as follows:

| Payment | Amount |
|---|---|
| Signing of this agreement | $0 |
| Monthly minimum service charge from the test go live (for up to 100 patient urine samples) | $5,500 |
| Additional service charge per patient sample up to 300 samples in a month | $55.00 |
| Additional service charge per patient sample above 300 samples in a month | $29.00 |

Initials _____ _____

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

APEX LAB SOLUTIONS, LLC,

                 Plaintiffs,

    v.

CHEMISYS LABORATORIES, LLC,

                 Defendant.

Case No. _____

Removed from:

COURT OF COMMON PLEAS OF
DELAWARE COUNTY, PENNSYLVANIA
CIVIL DIVISION
DOCKET NO.  CV-2018-007070

**NOTICE OF REMOVAL TO ALL
ADVERSE PARTIES**

TO:    David M. McFarlan, Esquire
        1255 Easton Road
        Warrington, Pennsylvania 18976-1822

        PLEASE TAKE NOTICE that, on September 28, 2018, defendant Chemisys

Laboratories, LLC. filed a Notice of Removal of this action to the United States District Court

for the Eastern District of Pennsylvania. A true and correct copy of the Notice of Removal is

annexed hereto.

        This Notice is served on you as counsel of record for Plaintiff in compliance with 28

U.S.C. § 1446.

Dated: Sept 28, 2018

Edward F. Borden, Jr.
Charles P. Montgomery

**EARP COHN P.C.**
123 S Broad Street
Suite 1030
Philadelphia, PA 19109
(215) 963-9520
(856) 385-7060 Direct Fax
Counsel for Defendant Chemisys Laboratories, LLC

Exhibit C

**EARP COHN P.C.**
123 S Broad Street
Philadelphia, PA 19109
(215) 963-9520
(856) 385-7060 Direct Fax

BY:     Edward F. Borden, Jr.
        Charles P. Montgomery

Counsel for Defendant Chemisys Laboratories, LLC

|  |  |
|---|---|
| APEX LAB SOLUTIONS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CHEMISYS LABORATORIES, LLC, <br><br> Defendant. | COURT OF COMMON PLEAS OF <br> DELAWARE COUNTY, PENNSYLVANIA <br><br> Civil Division <br><br> No. 2018-007070 |

To:     Prothonotary
        Delaware County Court of Common Pleas
        201 West Front Street
        Media, Pennsylvania 19063

PLEASE TAKE NOTICE that, on September 28, 2018, attorneys for defendant Chemisys

Laboratories, LLC filed a Notice of Removal of this action to the United States District Court for

the Eastern District of Pennsylvania. A true and correct copy of the Notice of Removal is

annexed hereto.

PLEASE TAKE FURTHER NOTICE that the filing of the Notice of Removal in the

United States District Court for the Eastern District of Pennsylvania and the filing of this Notice

effect the removal of this action and, pursuant to 28 U.S.C. § 1446(d), the above-captioned

action may proceed no further unless and until the case is remanded.

Dated: Sept 28, 2018                By:  _____

Edward F. Borden, Jr.
I.D. 27960
Charles P. Montgomery
ID: 309822

**EARP COHN P.C.**
123 S Broad Street
Suite 1030
Philadelphia, PA 19109
(215) 963-9520
(856) 385-7060 Direct Fax

Counsel for Defendant Chemisys Laboratories, LLC