<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| APEX LAB SOLUTIONS, LLC, | : | Civil Action No. 19-09372 (SRC) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| CHEMISYS LABORATORIES, LLC, | : | |
| Defendant. | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court by way of Plaintiff Apex Lab Solutions, LLC's ("Plaintiff") Motion to Dismiss the Counterclaim (the "Motion"), (Dkt. No. 127). Defendant Chemisys Laboratories, LLC ("Defendant") opposed the motion, (Dkt. No. 128). The Court reviewed the papers submitted and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Motion will be **GRANTED**.

**I.     PROCEDURAL HISTORY**

On September 4, 2018, Plaintiff filed a complaint against Defendant in the Court of Common Pleas of Delaware County, Pennsylvania. (Dkt. No. 1). On September 28, 2018, Defendant removed the action to the United States District Court for the Eastern District of Pennsylvania. <u>Id.</u> On January 17, 2019, Defendant moved to transfer the action to the District of New Jersey, (Dkt. No. 14), and the motion was granted on March 5, 2019. (Dkt. No. 19).

1

Plaintiff moved to dismiss Defendant's counterclaim on November 18, 2025. (Dkt. No. 127). Defendant filed opposition to the Motion on December 1, 2025. (Dkt. No. 128).

Through its Motion, Plaintiff seeks a dismissal of Defendant's Counterclaim on the grounds that it fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## II.     FACTUAL BACKGROUND

This action arises from a commercial relationship between Plaintiff and Defendant governed by a written agreement (the "Agreement"). (Dkt. No. 1). Plaintiff initiated this action asserting claims arising from that contractual relationship. Id. Defendant answered and asserted counterclaims alleging, among other things, breach of contract and breach of the implied covenant of good faith and fair dealing. (Dkt. No. 5). Plaintiff asserts that even if Plaintiff did indeed materially breach the Agreement, Defendant's counterclaims must be dismissed because of Section 8(c) of the Agreement which provides:

> "If [Plaintiff] does not perform in any material respect the services required under this Agreement, [Defendant] shall inform [Plaintiff] in writing, specifying the manner in which [Defendant] believes [Plaintiff's] services to be deficient. [Plaintiff] shall have a period of thirty (30) days from the receipt of such notice to correct such deficiencies in performance.... If [Plaintiff] does not correct the deficiency within such period, [Defendant] shall, **as its sole remedy for [Plaintiff's] nonperformance**, have the option of terminating this Agreement for cause. In connection with any termination by [Defendant] under this Section [Defendant] shall be responsible for the charges described in Section 8(a) and shall not be responsible for the charges described in Section 8(b)(ii)."

(Plaintiff's MTD, Ex. A.) (emphasis added).

Plaintiff now moves to dismiss Defendant's counterclaim, arguing that the Agreement's plain language expressly prohibits Defendant's counterclaim. Id.

### III. LEGAL STANDARD

#### A. Rule 12(b)(6)

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. On a Rule 12(b)(6) motion, the Court must accept as true the well-pleaded facts of a complaint and any reasonable inference that may be drawn from those facts but need not credit conclusory statements couched as factual allegations. See id. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The issue before the Court on a Rule 12(b)(6) motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). "[A] district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." Id. at 1426. The Court, however, may properly consider documents that form the basis of a claim and documents that are "integral to or explicitly relied upon in the complaint." Id. (citations omitted).

### IV. DISCUSSION

Plaintiff argues that the Agreement expressly limited the remedies for an alleged breach of contract to termination of the Agreement for cause. (Dkt. No. 127-2). Thus, Plaintiff argues that the Agreement precludes Defendant's counterclaim seeking damages for breach of the same. Id.

3

Defendant counters that Plaintiff's argument is contrary to public policy. (Dkt. No. 128). Defendant argues that the Agreement is ambiguous and fails to define what "sole remedy" means. Id. Defendant further contends that the Agreement does not state that Defendant agreed to waive its right to assert causes of action against Plaintiff in Court seeking damages based upon Plaintiff's failure to perform pursuant to the Agreement. Id. Thus, Defendant argues that the Agreement did not immunize Plaintiff from liability. Id.

Defendant's counterclaim depends on the interpretation of the Agreement. Before a court may enforce limitations on a party's remedies, it must be established that the contract contains a remedy "expressly agreed to be exclusive." N.J.S.A. 12A:2-719(1)(b). N.J.S.A. 12A:2-719(2) further provides that, "(w)here circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this Act." Additionally, "(c)onsequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." N.J.S.A. 12A:2-719(3).

The Court is satisfied that the remedy in the Agreement was expressly agreed upon by both Plaintiff and Defendant, satisfying the requirements of N.J.S.A. 12A:2-719(1)(b). See Garden State Food Distributors, Inc. v. Sperry Rand Corp., Sperry Univac Div., 512 F. Supp. 975, 977 (D.N.J. 1981). The Court further finds that the limited remedy of termination of the contract is not totally inadequate or unconscionable such that consequential damages are warranted under N.J.S.A. 12A:2-719(3).

Defendant argues that it never waived its right to seek redress against Plaintiff. However, the Agreement expressly designates that Defendant's *sole remedy* for Plaintiff's nonperformance is termination of the contract following notice and an opportunity to cure. The Court finds no

4

ambiguity in the phrase 'sole remedy,' which plainly limits all other contractual remedies.

Defendant's counterclaim is premised entirely on Plaintiff's alleged failure to properly perform the services required under the Agreement. Accepting the counterclaim's factual allegations as true, the Court concludes that Defendant has not stated a claim for relief that is available under the terms of the Agreement due to the express foreclosure of any remedy outside of termination of the Agreement. Defendant argues that dismissal is premature at the pleading stage. However, where a contract's limitation on remedies is clear and unambiguous, and the counterclaim seeks the relief foreclosed by that limitation, the Court's dismissal of the same under Rule 12(b)(6) is appropriate. Accordingly, Plaintiff's Motion is **GRANTED.**

### V. CONCLUSION

For the reasons set forth above, Plaintiff's motion to dismiss Defendant's counterclaim is **GRANTED**. Because amendment would be futile in light of the Agreement's unambiguous limitation on remedies, dismissal is **with prejudice**.

.

  /s/ Stanley R. Chesler  
STANLEY R. CHESLER, U.S.D.J.

Dated: January 6, 2026

5