<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| APEX LAB SOLUTIONS, LLC, | : | **Civil Action No. 19-09372 (SRC)** |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| CHEMISYS LABORATORIES, LLC, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court by way of Defendant Chemisys Laboratories, LLC's ("Defendant") Motion to Certify an Interlocutory Appeal (the "Motion"), (Dkt. No. 131). Plaintiff Apex Lab Solutions, LLC's ("Plaintiff") opposed the motion, (Dkt. No. 133). Defendant filed a reply brief. (Dkt. No. 134). The Court reviewed the papers submitted and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Motion will be **DENIED**.

## I. FACTUAL BACKGROUND

This action arises from a commercial relationship between Plaintiff and Defendant governed by a written agreement (the "Agreement"). (Dkt. No. 1). Plaintiff initiated this action asserting claims arising from that contractual relationship. *Id.* Defendant answered and asserted counterclaims alleging, among other things, breach of contract and breach of the implied covenant of good faith and fair dealing. (Dkt. No. 5). Plaintiff filed a motion to dismiss the counterclaims,

1

and the Court granted the motion on January 26, 2026, enforcing a contractual provision in the Agreement that limited Defendant's remedies to termination of the Agreement for cause.   (Dkt. No. 130).

Defendant filed the instant motion seeking certification of that Order for interlocutory appeal, contending that the Court's ruling presents a controlling question of law, namely, whether the contractual limitation of remedies renders the agreement illusory or otherwise unenforceable. (Dkt. No. 131).   Defendant further seeks a stay of proceedings pending appeal.   *Id.*

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory appeal only where the moving party demonstrates that: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.   The statute is to be applied "sparingly," and only in "exceptional cases."   *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958).

## III.    DISCUSSION

Defendant fails to satisfy any of the three factors necessary to certify an interlocutory appeal under the statute.

### A.  The Order Does Not Involve a Controlling Question of Law

Defendant argues that the question of whether the underlying Agreement is valid and enforceable involves a controlling question of law as it would be subject to reversal on appeal. (Def.'s Br. at 3).

The Court disagrees.   The Court's prior ruling does not present a controlling question of law, but rather enforced a contractual limitation-of-remedies prevision based on settled principles

of contract interpretation.

Defendant characterizes the issue as whether the provision renders the contract illusory. That argument does not present a pure legal question suitable for interlocutory review, but rather a disagreement with the Court's application of established law to the facts of the case.

Moreover, even if the Court's ruling were reversed, Plaintiff's affirmative claims would remain.   The issue therefore is not controlling within the meaning of 28 U.S.C. § 1292(b).

### B.  There Is No Substantial Ground for Difference of Opinion

Defendant argues that the issue of whether the Agreement, or the limitation of remedies provision, is illusory and unenforceable has not yet been considered or resolved by the Third Circuit, and thus there are substantial grounds for difference of opinion.   (Def.'s Br. at 4).

Defendants fails to demonstrate a substantial ground for difference of opinion.   A substantial ground for difference of opinion exists where there is "genuine doubt as to the correct legal standard."   *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996). Defendant identifies no conflicting authority but instead argues that the absence of directly analogous precedent supports certification.   That contention alone is insufficient.

Courts have consistently enforced contractual limitations of remedies where, as here, the limitation is expressly agreed upon.   *See Chatlos Sys., Inc. v. Nat'l Cash Register Corp.*, 635 F.2d 1081, 1086 (3d Cir. 1980); *Garden State Food Distribs., Inc. v. Sperry Rand Corp.*, 512 F. Supp. 975, 977 (D.N.J. 1981).   Defendant's mere disagreement with that result does not establish substantial grounds for difference of opinion.

### C.  An Immediate Appeal Will Not Materially Advance the Ultimate Termination of the Litigation

Defendant argues that certification may materially advance the outcome of the litigation

3

because if the Third Circuit agrees with Defendant's argument that the Agreement is illusory and unenforceable as a matter of law, Plaintiff's claim for breach of contract will be dismissed. (Def.'s Br. at 5).

The reality is quite the opposite. Certification would only further prolong the proceedings in a case that has already been pending for more than six and a half years. This matter was removed to this Court on September 28, 2018, and is the oldest case on this Court's docket. An interlocutory appeal would pause this already lengthy litigation while the parties seek appellate review of an issue that, even if reversed, would not resolve Plaintiff's claims. Nor would a favorable ruling for Defendant dispose of the case; it would instead expand the issues to be litigated.

### D. The Court Will Not Stay the Proceedings

Because the Court declines to certify an interlocutory appeal, Defendant's request for a stay necessarily fails. Further, a stay would not promote judicial economy but would instead result in unnecessary delay.

### IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to certify the interlocutory appeal and stay the proceedings pending the appeal is **DENIED**.

An appropriate Order accompanies this Opinion.

/s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: March 31, 2026

4